IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**CURT HERRERA,**

        Petitioner,

v.                                 **Civil Action No.: 5:19cv240**
                                       **(Judge Bailey)**

**WARDEN P. ADAMS,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On August 12, 2010, the petitioner Curt Herrera ("petitioner"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ECF No. 1 (the "Petition"). The petitioner has satisfied the filing fee. ECF No. 5. The petitioner is a federal inmate who is housed at FCI Hazelton and is challenging a disciplinary proceeding. The matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Petition be denied.

### II.    BACKGROUND

Following a trial in the Southern District of New York that took place in November and December of 1993, the petitioner was convicted of 25 counts of racketeering and the use of firearms and explosives in connection with narcotics and violent crimes. He was sentenced on April 5, 1994 to life imprisonment, and then, pursuant to applicable law, consecutive terms totaling 105 years for the use of firearms and explosives in the

commission of other crimes. The petitioner appealed, and the Second Circuit affirmed on January 1, 1995. The Supreme Court denied certiorari on May 30, 1995. See Herrera v. United States, 1998 WL 770559.

## III  The Petition

The petitioner indicates that on August 20, 2018, he was the subject of a disciplinary hearing and was found guilty of Offense Code 201[1]. He indicates that he received the DHO report on October 30, 2018, 71 days after the hearing and 51 days later that the maximum 20 days allowed by policy. The petitioner maintains that pursuant to BOP policy and the Code of Federal Regulations, inmates have 20 days from the date of the DHO hearing to submit an appeal, and an appeal cannot be filed without the DHO report. Petitioner asserts that the BOP violated the Accardi Doctrine and, therefore, exhaustion should be excused. For relief, the petitioner requests that this offense be stricken from his record.

## IV.  Legal Standard

### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a

---

[1] Offense Code 201 is "Fighting with another person."  See bop.gov/policy/progstat/5270_009.pdf

district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief, and this matter is due to be dismissed.

## V. DISCUSSION

A federal prisoner challenging a disciplinary proceeding under § 2241 must exhaust his administrative remedies prior to filing suit.  See McCling v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004).  Moreover, the "[f]ailure to exhaust may only be excused upon a showing of cause and prejudice." Id.

With regard to disciplinary actions, the exhaustion of administrative remedies is initiated by first filing an appeal of the disciplinary action with the Regional Office within 20 days of receiving **written notification** of the disciplinary action. See 28 C.F.R. § 542.14(d)(2) (emphasis added).  If unsatisfied with that response, the petitioner may file an appeal with the Central Office within 30 days of the date the Regional Director signed the response. Id. Where an appeal is rejected at the Regional Level, and the inmate is not given the opportunity to correct the defect and resubmit, the inmate may

appeal that rejection to the Central Office.  See 28 C.F.R. § 542.17(c).  The Central Office may affirm the rejection, may direct the submission be accepted at the lower level, or may accept the submission as filed. Id. "Appeal to the General Counsel is the final administrative appeal." See 28 C.F.R. § 542.15(a).

Here, there is no dispute that the petitioner failed to exhaust his administrative remedies regarding his disciplinary proceeding. The petitioner alleges that the BOP failed to provide him with written findings of fact within the "20 day period," thereby failing to follow its own policy and preventing him from being able to appeal. Accordingly, the petitioner maintains that the BOP violated the Accardi Doctrine[2].

Following a disciplinary hearing, BOP policy requires the DHO to provide the inmate with a written report. See 28 C.F.R. § 541.8(h). The requirement and procedures for the written report are as follows:

> (h) Written Report. You will receive a written copy of the DHO's decision following the hearing. The DHO is not required to prepare a verbatim record of the hearing. The DHO's written report will document the following:
>
> (1) Whether you were advised of your rights during the DHO process;
> (2) The evidence relied on by the DHO;
> (3) The DHO's decision;
> (4) The sanction imposed by the DHO; and
> (5) The reason(s) for the sanction(s) imposed.

As evidence by these requirements, 28 C.F.R. 541.8(h) does not provide a time period for when the DHO's written report is to be provided to an inmate. However, BOP Program Statement 5270.09  provides that **ordinarily** the DHO gives the inmate a

---

[2] The Accardi Doctrine provides that when an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954).

written copy of the decision and disposition within 15 working days after the DHO makes his/her decision. Therefore, the policy does not mandate that the inmate receive the report within 15 days or within any specified time. Therefore, there is no violation of the Accardi Doctrine, and petitioner's pending habeas petition is subject to dismissal for failure to exhaust.

## VI. RECOMMENDATION

For the foregoing reasons, it is hereby recommended that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: April 16, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE